IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3223-FL

| | |
|---|---|
| JEREMY ANTHONY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DR. TERRY WALLACE AND DR. ) | |
| RICHARD BROADWELL, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion for summary judgment (DE # 21) pursuant to Federal Rule of Civil Procedure 56 and motion for a protective order (DE # 37) filed by defendant Dr. Terry Wallace, DDS ("Wallace"). Also before the court is the motion to dismiss (DE # 30) pursuant to Rule 12(b)(6) and motion for a protective order (DE # 35) filed by defendant Dr. Richard Broadwell ("Broadwell"). Finally, before the court are plaintiff's motion to appoint counsel (DE # 26) and motion to strike (DE # 33). The court construes plaintiff's motion to strike as a response to Broadwell's motion to dismiss. Plaintiff also responded to Wallace's motion for summary judgment and Broadwell responded to plaintiff's motion to strike. The parties did not respond to the remaining pending motions. In this posture, the matters are ripe for adjudication. For the following reasons, the court grants Wallace's motion for summary judgment, denies Broadwell's motion to dismiss, denies plaintiff's motion to appoint counsel, denies as moot defendants' respective motions for a protective order, and denies as moot plaintiff's motion to strike.

## STATEMENT OF THE CASE

On December 30, 2010, plaintiff brought this action pursuant to 42 U.S.C. § 1983, against defendants alleging that they acted with deliberate indifference to his medical and dental needs in violation of the Eighth Amendment to the United States Constitution. On September 15, 2011, the court entered an initial order regarding planning and scheduling. Broadwell filed a timely objection arguing that the court should delay discovery until it has made a determination on his qualified immunity defense. On November 29, 2011, the court entered an order holding Broadwell's objection in abeyance for thirty (30) days. The court instructed Broadwell that if he wished to assert entitlement to a stay of discovery based upon the affirmative defense of qualified immunity, he must raise the defense in the form of the appropriate motion within the thirty (30) days provided. On December 14, 2011, Broadwell complied with this court's order and submitted his motion to dismiss, raising the affirmative defense of qualified immunity. The matter was fully briefed.

In the interim, Wallace filed a motion for summary judgment, arguing that plaintiff is not able to demonstrate that he violated his constitutional rights. The matter was fully briefed, and plaintiff subsequently filed a motion to appoint counsel. Broadwell and Wallace filed respective motions for a protective order.

## STATEMENT OF FACTS

The undisputed facts are as follows. On June 24, 2007, plaintiff sustained a self-inflicted gunshot wound that resulted in multiple facial fractures and other injuries. Wallace Aff. ¶ 5. More specifically, plaintiff's right lateral orbital wall was obliterated, he sustained a fracture to the right zygomatic, a maxillary fracture, and a fracture of the right paranasal sinus. Id. Plaintiff subsequently had several surgeries at Pitt County Hospital. Id. While at Pitt County Hospital,

plaintiff's physicians recommended that an obturator device[1] be placed in his mouth, and such a device was given to him from another provider. Id. ¶ 6. Plaintiff subsequently was transferred to Pamlico Correctional Institution ("Pamlico").

While at Pamlico, plaintiff was transported to Craven Correctional Institution ("Craven") for dental treatment provided by Wallace.[2] Id. ¶ 4. On December 5, 2007, Wallace examined plaintiff and noted that plaintiff had a hole on the right side of his palate from a shotgun blast, and that he had poor oral hygiene on the remainder of his bottom teeth. Id. ¶ 13.

On January 23, 2008, plaintiff saw another medical provider and complained that food was passing through the hole in his palate when he eats. Id. Ex. 1, p. 6. The provider examined plaintiff and recommended that his upper denture be replaced with an obturator. Id. Plaintiff agreed with the treatment plan. Id.

On June 8, 2010, plaintiff attended an appointment with Wallace, and Wallace filled two of his teeth. Id. ¶ 14. On September 7, 2010, Wallace filled an additional tooth for plaintiff and re-filled another tooth. Id. ¶ 15. Plaintiff also complained about an ill-fitting upper denture at that appointment.[3] Id. In response, Wallace called the laboratory to inquire into whether plaintiff could get a better fitting full upper denture. Id. Ex. 1, p. 9. Wallace saw plaintiff for a fitting for his dentures on September 14, 2010. Id. ¶ 16. Wallace also took an impression of plaintiff's teeth to send to the lab for fitting of a new full upper denture. Id.

---

[1] An obturator device is a prosthetic device that occludes an opening in the palate. Wallace Aff. ¶ 6.

[2] During the relevant time period, there was no on-site dentist at Pamlico. Id. ¶ 4. Accordingly, Wallace, a general dentist operating a private practice, provided dental care to Pamlico inmates at the Craven Correctional Institution two days per week. Id. ¶3. Pamlico inmates were transported to Craven Correctional Institution for dental treatment. Id. ¶ 4.

[3] The court notes that the denture was placed by another provider to replace upper teeth lost by plaintiff as a result of his self-inflicted gunshot wound. Wallace Aff. ¶ 15.

3

On October 12, 2010, plaintiff's upper denture was delivered and provided to plaintiff. Id. ¶ 17 and Ex. 1, p.10. Wallace instructed plaintiff to use denture grip to secure the dentures due to maxillary abnormalities. Id. This instruction was given in order to better adhere plaintiff's full upper denture to his palate, in which there was a hole from the gunshot wound. Id. On November 23, 2010, plaintiff complained of a toothache. Id. ¶ 18. Due to the fact that the tooth in question had been filled twice previously, Wallace recommended that it be removed. Id. Plaintiff consented to the removal of his tooth. Id. Wallace next saw plaintiff on December 7, 2010,[4] during which he instructed plaintiff on how to use a "Sea-Bond" denture pad. Id. ¶ 19.

Wallace saw plaintiff for the last time on January 25, 2011. Id. ¶ 20. At this appointment, plaintiff expressed further difficulties with his new upper denture retaining. Id. Wallace advised plaintiff that further treatment for his condition was outside of the scope of his practice and advised him to seek other treatment. Id. Wallace further instructed plaintiff that a referral to another provider was outside of the scope of his practice. Id.

Plaintiff subsequently filed this action and alleges:

> [He] has requested the specialized medical care outside of the prison. Due to his permanent disability and the hole in his palate will not stop food from going into the nasal septum. Upon asking Dr. Richard O. Broadwell, III, and Dr. Wallace the Dentist who are private physician under contract to provide medical care to Pamlico Correctional Institution inmates that is needed. However, I am being refused this medical treatment and with the food going into my nasal septum is very painful the food decays and then there hole becomes infected and I cannot get any medications to stop the pain or infection. I need help !!!

Compl. p. 4.

---

[4] Wallace states that plaintiff's chart erroneously reflects that he saw plaintiff on November 7, 2010, but the actual appointment was on December 7, 2010. Wallace Aff. ¶ 19.

4

As relief, plaintiff requests an injunction ordering defendants to "immediately arrange for the plaintiff's medical care[,] physical therapy, or follow up medical treatment to be evaluated by a medical practitioner with expertise in the treatment and restoration of palate and carry out without delay the treatment directed by such medical practitioner." Compl. p. 5. Plaintiff also requests compensatory and punitive damages.

## DISCUSSION

A.  Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

B.  Motion for Continuance

Before addressing Wallace's motion for summary judgment, the court considers plaintiff's request for a continuance to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d)

5

(formerly Rule 56(f)) that plaintiff raised in response to his motion.[5]  "As a general rule, summary judgment is appropriate only after adequate time for discovery."  Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (quotation omitted).  Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Thus, Rule 56(d) allows a court to delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition."  Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted).  However, "Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery."  Young v. UPS, 2011 WL 665321, *20 (D.Md. Feb. 14, 2011).  "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be essential to [the] opposition. "  Scott v. Nuvell Fin. Servs., 2011 WL 2222307, *4 (D. Md. June 7, 2011) (quotation and citation omitted).  A non-moving party's Rule 56(d) request for discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment."  Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 954 (4th Cir. 1995).

   Here, plaintiff alleges that his sick call requests and grievances will demonstrate that he requested to see a specialist.  However, as stated below, even if true, this is insufficient to establish a constitutional claim.  Accordingly, plaintiff has failed to show that discovery would develop

---

[5]  Effective December 1, 2010, the Supreme Court amended Rule 56, and what is now Rule 56(d) previously was codified as Rule 56(f).  See Fed.R.Civ.P. 56, advisory committee's note ("The standard for granting summary judgment remains unchanged . . . Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).")

Case 5:10-ct-03223-FL   Document 39   Filed 08/22/12   Page 6 of 12

evidence crucial to material issues before the court. Thus, plaintiff's motion for a continuance to conduct discovery pursuant to Rule 56(d) is DENIED.

C.  Motion for Summary Judgment

    1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.  Analysis

Wallace asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two--pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the

> right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was lawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, 555 U.S. 223 (2009). A court has discretion to decide which step of the two-prong test to analyze first. Pearson, 555 U.S. at 243.

The court first addresses whether Wallace violated plaintiff's constitutional rights by acting with deliberate indifference to his dental condition. To state a claim for relief under the Eighth Amendment of the United States Constitution, a plaintiff must establish that a prison official was deliberately indifferent to a serious condition, medical need, or risk of harm. See Short v. Smoot, 436 F.3d 422, 427 (4th Cir. 2006). "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

In this case, the court will assume that plaintiff's dental condition constitutes a serious medical need. The court now considers the second prong of the Eighth Amendment test–whether

8

defendants acted with deliberate indifference. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). An inmate is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

The evidence in the record reflects that from December 2007 through January 2011, plaintiff was evaluated by Wallace on approximately eight occasions. In the course of treating plaintiff, Wallace filled cavities, repaired previously filled cavities, recommended the extraction of a tooth, and repeatedly addressed plaintiff's complaints of ill-fitting upper dentures. Wallace Aff. ¶¶ 14-20. On January 25, 2011, plaintiff complained to Wallace about further difficulties with his new upper denture retaining. Id. ¶ 20. Wallace responded to plaintiff that further treatment for his condition or a referral for treatment of his condition to an outside provider was outside of the scope of his practice as a general dentist. Id. and Ex. 1, p.10; Pl.'s Resp. p. 7. Wallace urged plaintiff to submit sick call requests for further treatment.[6] Id.

---

[6] Wallace states that he is not qualified to assess the appropriate interventions needed to repair plaintiff's maxillary sinus cavity, to prevent the passage of food from plaintiff's mouth into his sinus cavity. Wallace Aff. ¶ 8. Instead, Wallace states that such treatment would appropriately be provided by a medical specialist such as a plastic surgeon or an otolaryngology specialist. Id. Wallace states that a referral to such a specialist would be appropriately made by a physician. Id. Wallace also states that plaintiff did not complain to him that food was passing through a hole in his palate, but instead complained of that condition to another provider. Id. Ex. 1, p. 6. Plaintiff's medical records support Wallace's statement. Id.

9

Although plaintiff asserts that Wallace's efforts in treating his dental needs were not effective, the fact that Wallace's treatment of plaintiff was not effective does not give rise to a constitutional violation. See e.g., Russell, 528 F.2d at 319; Starling v. United States, 664 F. Supp. 2d 558, 569-70 (D.S.C. 2009); see also, Johnson, 145 F.3d at 167 (finding that negligent acts are not sufficient to establish a constitutional violation). Moreover, plaintiff's allegations concerning his request to see an outside specialist or for particular medications, such as antibiotics, amount to nothing more than a disagreement over the proper course of treatment. See e.g., Russell, 528 F.2d at 319. It is well settled that such a disagreement does not constitute an Eighth Amendment claim. See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Finally, Wallace's refusal to step outside of his expertise to treat plaintiff's palate condition is not deliberate indifference. See Smego v. Adams, No. 08-3142, 2010 WL 5070770, at *6 (C.D. Ill. Dec. 3, 2010). Plaintiff has not presented any evidence to rebut such a finding. Therefore, plaintiff has not established the subjective element of his Eighth Amendment deliberate indifference claim, and there is no constitutional violation. Based upon the foregoing, Wallace is entitled to qualified immunity for plaintiff's claim, and his motion for summary judgment is GRANTED.

D.   Motion to Dismiss

   1.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

    2.    Analysis

Broadwell also asserts the defense of qualified immunity. In this case, the record is insufficient to find that Broadwell is entitled to qualified immunity on the first prong of the analysis. Plaintiff has adequately pled both a serious medical condition and a refusal to provide treatment for that condition. Thus, the court DENIES Broadwell's motion to dismiss.

**CONCLUSION**

For the foregoing reasons, Wallace's motion for summary judgment (DE # 21) is GRANTED. However, Broadwell's motion to dismiss (DE # 30) and plaintiff's motion to appoint counsel (DE # 26) are DENIED. Because the court has made a determination as to defendants' entitlement to qualified immunity, defendants' motions for a protective order (DE #s 35, 37) are DENIED as moot. Because the court construed plaintiff's motion to strike as a response to

11

Broadwell's motion to dismiss, his motion to strike (DE # 33) also is DENIED as moot. The Clerk of Court is DIRECTED to issue a case management order.

SO ORDERED, this the  22  day of August, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge