IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3223-FL

| | | |
|---|---|---|
| JEREMY ANTHONY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. RICHARD BROADWELL AND | ) | |
| DR. WALLACE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion for summary judgment (DE # 65) pursuant to Federal Rule of Civil Procedure 56 filed by defendant Dr. Richard O. Broadwell, III ("Broadwell"). The matter was fully briefed. Also before the court are plaintiff's motion to compel (DE # 62) and motion for subpoenas (DE # 63). Broadwell responded to plaintiff's motion to compel, but did not respond to plaintiff's motion for subpoenas. For the following reasons, the court denies plaintiff's motion to compel and motion for subpoenas. The court holds Broadwell's motion for summary judgement in abeyance, and directs Broadwell to supplement the record as directed infra.

A.    Motion to Compel

Plaintiff filed a motion to compel Broadwell to respond to plaintiff's second request for admissions. In response to plaintiff's motion to compel, Broadwell states that plaintiff failed to comply with Federal Rule of Civil Procedure 37(a) and Local Rule 7.1(c) of the Local Rules of Practice and Procedure which require that the movant certify that there has been a good faith effort

to resolve discovery disputes prior to the filing of any discovery motions. Plaintiff's motion to compel discovery does not state that he complied with Rule 37(a) or Local Rule 7.1(c). Thus, plaintiff's motion to compel is DENIED.

B.     Motion to Issue Subpoenas

Plaintiff requests that the court issue subpoenas to compel witnesses to appear in court for questioning. The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery, including the issuance of subpoenas. See generally, Fed.R.Civ.P. 26-37, 45. Rule 34 authorizes a party to issue subpoenas to non-parties. Fed.R.Civ.P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.") Rule 45 outlines the procedure for issuing subpoenas. Fed.R.Civ.P. 45; see also, In re Rule 45 Subpoena to Robert Kochan, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. Nov. 26, 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control.") (citing Fed.R.Civ.P. 45(a)(1)(C)). "Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. Schaff v. SmithKline Beecham Corp., 233 F.R.D. 451, 453 (E.D.N.C. 2005). Here, there is no indication that plaintiff utilized the Federal Rules of Civil Procedure to obtain the discovery he seeks. Accordingly, his motion is DENIED.

C.     Broadwell's Motion for Summary Judgment

Plaintiff alleges that Broadwell acted with deliberate indifference to his palate condition. To state a claim for relief under the Eighth Amendment of the United States Constitution, a plaintiff must establish that a prison official acted with deliberate indifference to a serious condition, medical need, or risk of harm. See Short v. Smoot, 436 F.3d 422, 427 (4th Cir. 2006). "In order to make out

2

a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

In this case, Broadwell submitted an affidavit stating that he did not act with deliberate indifference to plaintiff's palate condition by denying plaintiff's request for specialized treatment. Broadwell Aff. ¶ 34. Broadwell further states that plaintiff did not request a referral for specialized medical care from him, and that he was not aware that plaintiff made such a request from any other heath care provider. Id. Plaintiff's medical records, however, reflect that plaintiff saw Wallace, a dentist, for his palate condition on January 25, 2011. Id. Ex. BB. During the January 25, 2011, appointment, Wallace noted that plaintiff continued to have trouble with his full upper retaining (staying in place). Id. Wallace further noted that plaintiff had used Sea-Bond and denture adhesive for the problem. Id. Wallace stated that plaintiff would "need further assistance for further options." Id. Plaintiff's medical records terminate at this point, and there is no indication whether plaintiff received additional care for his palate condition. In light of the incomplete nature of the medical records, the court DIRECTS Broadwell to supplement the record with the post-January 25, 2011, medical records that are relevant to the treatment of plaintiff's palate condition at Pamlico Correctional Institution. Broadwell additionally is DIRECTED to file an affidavit explaining the

3

treatment provided to plaintiff for his palate condition subsequent to January 25, 2011.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel (DE # 62) and motion for subpoenas (DE # 63) are DENIED. Broadwell's motion for summary judgment (DE # 65) is held in abeyance, and Broadwell is DIRECTED to supplement the record as set forth above within twenty-one (21) days of this order.

SO ORDERED, this the 8th day of May, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge