IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3223-FL

| | | |
|---|---|---|
| JEREMY ANTHONY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NURSE K. HULL | ) | |
| | ) | |
| Defendant. | ) | |

The matter comes before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 95) filed by defendant, to which plaintiff has responded. The matter also is before the court on plaintiff's unopposed motion to appoint counsel (DE 102). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court denies both motions.

## STATEMENT OF THE CASE

On December 30, 2010, plaintiff brought this action pursuant to 42 U.S.C. § 1983, against Dr. Richard Broadwell ("Broadwell") and Dr. Terry Wallace DDS ("Wallace") alleging that these defendants acted with deliberate indifference to his medical and dental needs in violation of the Eighth Amendment to the United States Constitution. The court subsequently granted the respective motions for summary judgment filed by Wallace and Broadwell, and these parties were dismissed from this action. The court's most recent order, on August 21, 2013, granting Broadwell's motion for summary judgment sets forth a full recitation of the facts of the case.

1

In the interim, on December 6, 2012, the court allowed plaintiff to amend his complaint to include an Eighth Amendment claim against Hull arising out of Hull's medical treatment of plaintiff. After unsuccessful attempts to serve Hull, Hull ultimately was served with the summons and complaint on July 11, 2013. On August 26, 2013, Hull filed a motion to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted. The motion was fully briefed. Plaintiff subsequently filed a motion to appoint counsel.

## DISCUSSION

A.    Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.") Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

2

B. Motion to Dismiss

1. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted).

2. Analysis

To state a claim for relief under the Eighth Amendment to the United States Constitution, a plaintiff must allege that a prison official was deliberately indifferent to a serious condition, medical need, or risk of harm. See Short v. Smoot, 436 F.3d 422, 427 (4th Cir. 2006). "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)

(internal quotation omitted)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

In this case, the court assumes that plaintiff's dental condition constituted a serious medical need. The court now considers the second prong of the Eighth Amendment test–whether Hull acted with deliberate indifference. In order to establish deliberate indifference a plaintiff must establish that, "the defendants actually knew of and disregarded a substantial risk of serious injury . . . or that they actually knew of and ignored a . . . serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th Cir. 2001). The deliberate indifference standard is not satisfied by " a showing of mere negligence." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999).

Plaintiff alleges that Hull was responsible for referring inmates to the appropriate health care provider while he was incarcerated at Pamlico Correctional Institution. Plaintiff further alleges that Hull knew about his dental condition and refused to refer plaintiff to the appropriate provider. Based upon these facts, the court finds that plaintiff has stated an Eighth Amendment claim against Hull, and Hull's motion to dismiss is DENIED.

## CONCLUSION

For the foregoing reasons, Hull's motion to dismiss (DE 95) and plaintiff's motion to appoint counsel (DE 102) are DENIED. The Clerk is DIRECTED to issue a case management order.

SO ORDERED, this the 16th day of October, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge