IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3223-FL

| | | |
|---|---|---|
| JEREMY ANTHONY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. RICHARD BROADWELL, DR. | ) | |
| WALLACE, and NURSE K. HULL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's unopposed motion to hold the action in abeyance (DE 107), motion for a jury demand (DE 108), motion for injunctive relief (DE 110), motion to amend (DE 111), and motion for documents to be subpoenaed (DE 112). In this posture, the issues raised are ripe for adjudication.

## BACKGROUND

On December 30, 2010, plaintiff, a state inmate, brought this action pursuant to 42 U.S.C. § 1983, against Dr. Richard Broadwell ("Broadwell") and Dr. Terry Wallace DDS ("Wallace"). Plaintiff alleged that Broadwell and Wallace acted with deliberate indifference to his medical and dental needs, while plaintiff was incarcerated at Pamlico Correctional Institution ("Pamlico"), in violation of the Eighth Amendment to the United States Constitution. The court subsequently granted the respective motions for summary judgment filed by Wallace and Broadwell, and these parties were dismissed from this action.

In the interim, on December 6, 2012, the court allowed plaintiff to amend his complaint to include an Eighth Amendment claim against Hull arising out of Hull's medical treatment of plaintiff. After unsuccessful attempts to serve Hull, Hull was served with the summons and complaint on July 11, 2013. On August 26, 2013, Hull filed a motion to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted, which this court denied. The court thereafter issued a case management order which set forth deadlines for filing amended pleadings, conducting discovery, and filing dispositive motions. Plaintiff then filed the instant unopposed motions.

A.    Motion to Amend

The court first addresses plaintiff's motion to amend this action to include Pamlico Superintendent Faye Daniels as a defendant. Plaintiff requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a)(2). Leave to amend must be freely given when justice so requires, and will be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Here, plaintiff's motion to amend is unopposed. As a result, defendants have not shown prejudice. For good cause shown, plaintiff's motion to amend is GRANTED. The Clerk of Court is DIRECTED add Faye Daniels as a defendant in this action.

B.    Motion to Hold the Action in Abeyance

Plaintiff moves the court to hold this action in abeyance until his dental/medical condition related to his top palate is fixed. District courts have the authority to issue stays. See Landis v. North American Co., 299 U.S. 248, 254 (1936). The court's discretion is not, however, without bounds. Hendler v. United States, 952 F.2d 1364, 1380 (Fed. Cir. 1991). In deciding to stay

2

proceedings indefinitely, a trial court must first identify a pressing need for the stay. Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (1997). The court finds that it may adjudicate the issue of whether defendants Hull and Daniels acted with deliberate indifference to plaintiff's medical needs while plaintiff was incarcerated at Pamlico, where plaintiff no longer is incarcerated, regardless of whether plaintiff's top plate is repaired at a future date. Accordingly, plaintiff has not demonstrating a pressing need for the stay, and his motion is DENIED.

C.   Motion to Issue Subpoenas

Plaintiff requests that the court issue subpoenas to compel non-parties to produce certain documents. The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery, including the issuance of subpoenas. See generally, Fed. R. Civ. P. 26-37, 45. Rule 34 authorizes a party to issue subpoenas to non-parties. Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.") Rule 45 outlines the procedure for issuing subpoenas. Fed. R. Civ. P. 45; see also, In re Rule 45 Subpoena to Robert Kochan, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. Nov. 26, 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control.") (citing Fed.R.Civ.P. 45(a)(1)(C)). "Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. Schaff v. SmithKline Beecham Corp., 233 F.R.D. 451, 453 (E.D.N.C. 2005). Here, there is no indication that plaintiff utilized the Federal Rules of Civil Procedure to obtain the discovery he seeks. Accordingly, his motion is DENIED.

3

D.  Motion for Injunctive Relief

The court now turns to plaintiff's motion for a temporary restraining order and preliminary injunction. A temporary restraining order and preliminary injunction are governed by the same general standards. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

In this case, plaintiff requests that the court issue an order compelling defendants to provide him with an obdurator for his palate. Plaintiff, however, has failed to demonstrated that he likely to succeed on the merits, and has not alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. In particular, plaintiff has represented in his pleadings that he has been receiving some care for his palate condition. See (DE 107). Accordingly, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest, and the balance of equities is in favor of defendants. Thus, the court concludes that plaintiff's motion for a temporary restraining order is DENIED.

4

E.  Motion for a Jury Trial

Plaintiff makes a demand for a jury trial pursuant to Federal Rule of Civil Procedure 38. Rule 38 provides that "[o]n any issue triable by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand–which may be included in a pleading–no later than 14 days after the last pleading directed to the issue is served . . . ." Fed. R. Civ. P. 38. The term last pleading refers to a pleading which contests the issue triable by a jury, such as an answer to a complaint or a reply to a counterclaim. See Donovan v. Travelers Trash Co., 599 F. Supp. 43, 44 (E.D.N.C. 1984). Plaintiff made a demand for a jury trial in his complaint, which was prior to the last pleading as set forth in Rule 38. See Compl. ¶ IV. Thus, plaintiff's motion is GRANTED.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to amend (DE 111) and motion for a jury demand (DE 108) are GRANTED. The Clerk of Court is DIRECTED to add Faye Daniels as a defendant in this action. Plaintiff's motion to hold the action in abeyance (DE 107), motion for injunctive relief (DE 110), and motion for documents to be subpoenaed (DE 112) are DENIED.

SO ORDERED, this the 6th day of January, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge