IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3223-FL

| | | |
|---|---|---|
| JEREMY ANTHONY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. RICHARD BROADWELL, DR. WALLACE, NURSE K. HULL, FAYE DANIELS, and JAMES H. CLARE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motions to compel (DE 133, 163), motion for a physical and mental examination (DE 145), motion to amend (DE 153), and motion to appoint an expert witness (DE 162). Also before the court is the motion to dismiss (DE 153) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Nurse K. Hull ("Hull") and Superintendent Faye Daniels ("Daniels"). In this posture, the issues raised are ripe for adjudication.

## BACKGROUND

For ease of reference, the background set forth in the court's March 21, 2014, order is set forth below:

> On December 30, 2010, plaintiff, a state inmate, brought this action pursuant to 42 U.S.C. § 1983, against Dr. Richard Broadwell ("Broadwell") and Dr. Terry Wallace DDS ("Wallace"). Plaintiff alleges that Broadwell and Wallace acted with deliberate indifference to his medical and dental needs in violation of the Eighth Amendment to the United States Constitution, while plaintiff was incarcerated at Pamlico Correctional Institution ("Pamlico"). Plaintiff alleges that Broadwell and Wallace failed to treat a hole in his palate caused by a self-inflicted gun-shot wound which occurred on June 24, 2007.

Wallace Aff. ¶ 5. Plaintiff states that the hole in his palate allows food to pass through his nasal septum, and such food, at times, gets trapped leading to decay and infection. Compl. p. 4.

Subsequent to the filing of this action, the court granted the respective motions for summary judgment filed by Wallace and Broadwell, and these parties were dismissed from this action. The court, additionally, permitted plaintiff to amend his complaint to include an Eighth Amendment claim against Nurse K. Hull.

Plaintiff, thereafter, filed a motion to amend to include Pamlico Superintendent Faye Daniels as a defendant, motion to hold the action in abeyance, motion for a jury demand, motion for injunctive relief, and a motion for documents to be subpoenaed. On January 6, 2014, the court entered an order granting plaintiff's motion to amend and motion for a jury demand, but denying plaintiff's remaining motions.

Plaintiff now requests permission to amend his complaint to include North Carolina Department of Public Safety Director of Dental James H. Clare ("Clare") as a defendant in this action. Plaintiff also requests the appointment of counsel and seeks reconsideration of the court's January 6, 2014, order denying his motion for documents to be subpoenaed.

In the interim, on February 3, 2014, Daniels and Hull filed a motion for an extension of time to file an answer, to complete discovery, and to file dispositive motions. The court granted the motion for extension of time, and the answer deadline was extended until March 20, 2014, the discovery deadline was extended until May 21, 2014, and the dispositive motions deadline was extended until June 21, 2014.

On March 21, 2014, the court entered an order granting plaintiff's motion to amend his complaint to include an Eighth Amendment claim against defendant Clare. The court also denied plaintiff's motion to appoint counsel. Finally, the court construed plaintiff's motion for reconsideration as a motion to compel discovery. Specifically, plaintiff sought both "his medical file[] from U.N.C School of [D]entistry from day one" and any dental treatment recommendations

2

made by Dr. Glen Minsley, Dr. Reside, and Dr. Courtney Thompson. The court held plaintiff's motion to compel discovery in abeyance and directed defendants to respond to plaintiff's motion within ten (10) days of the court's March 21, 2014 order. Finally, the court directed that its March 21, 2014, order did not relieve defendants of their obligation to respond to plaintiff's February 19, 2014, requests for production of documents.

On March 24, 2014, Faye and Hull responded to plaintiff's motion to compel, stating that they are not tardy in responding to discovery because their discovery responses were not due until April 19, 2014. Plaintiff subsequently filed a motion for a physical and metal examination.

On April 25, 2014, Faye and Hull filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff failed to state a claim upon which relief may be granted. Alternatively, these defendants argue that they are entitled to the affirmative defense of qualified immunity. As part of their motion to dismiss, Faye and Hull also request that the court stay discovery pending the resolution of their motion. The motion was fully briefed. Plaintiff subsequently filed a motion to amend his complaint, which was fully briefed. Plaintiff then filed a motion to appoint an expert witness and a motion to compel.

## DISCUSSION

A.  Motion to Amend

Plaintiff seeks leave of court to amend his complaint to "state [his] claim against Defendants Keith Hull, and Faye Daniels." (Pl.'s Mot. to Am. (DE 153), p. 1.) Plaintiff requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a)(2). Leave to amend must be freely given when justice so requires, and will be denied only when the amendment would be prejudicial to the

3

opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

The record in this action is voluminous and it is difficult to discern the factual bases for his claims against remaining defendants Hull, Daniels, and Clare. Plaintiff, himself, suggests that he is unable to fully articulate his allegations without the benefit of his medical records from the University of North Carolina's Dental School. Due to these difficulties, the court finds it appropriate to appoint North Carolina Prisoner Legal Services ("NCPLS") for the sole purpose of assisting plaintiff with filing an amended complaint. Following the submission of plaintiff's amended complaint, with the benefit of assistance from NCPLS, the court will not permit plaintiff any further opportunities to amend his complaint. Based upon the foregoing, the court GRANTS plaintiff's motion to amend his complaint and DIRECTS NCPLS to file an amended complaint on behalf of plaintiff within twenty-one (21) days of this court's order. Because the court has granted plaintiff leave of court to amend his complaint, the pending motion to dismiss is DENIED as MOOT.

B.     Motions to Compel

The court now addresses plaintiff's February 28, 2014, and May 28, 2014, motions to compel discovery. Plaintiff, in his May 28, 2014, states that defendants never provided the discovery materials he requested in his February 28, 2014, motion to compel and reiterates that he seeks the following discovery materials: (1) "all medical/dental records from prison" from January 4, 2010, through the present; (2) all University of North Carolina School of Dentistry records from January 4, 2010, through the present; (3) "[a]ll and any recommendations from Dr. Reside, Dr. Minsley, and

4

Dr. Thompson from January 4, 2010 through the present; and (4) "any and all sick calls or grievances from prison during this time." (Pl.'s Mot. to Compel (DE 163), p. 1.)

Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979). However, a litigant may not use discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed. R. Civ. P. 26(c)(1). Additionally, the court has "substantial discretion" to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

The primary issue in this case is whether defendants acted with deliberate indifference to plaintiff's medical or dental needs. Plaintiff, in part, alleges that defendants refused to follow the recommendations of dental experts from the University of North Carolina Dental School. As a result, the court finds that plaintiff's discovery requests are relevant to this action, and should be produced. See McMillian v. Wake County Sheriff's Dept., 399 F. App'x 824, 828-829 (4th Cir. 2010) (finding abuse of discretion where district court's denial of discovery requests substantially prejudiced plaintiff). Thus, the court GRANTS plaintiff's motions to compel discovery.

C.  Motion for a Physical and Mental Examination

Plaintiff, in his motion for a physical and mental examination requests that the court "order [him] to submit to an examination under [Federal Rule of Civil Procedure] 35." (Pl.'s Mot. (DE 145) p. 2.) However, Rule 35 does not contemplate the type of relief sought by plaintiff–a physical examination of himself. See Fed. R. Civ. P. 35; Brown v. United States, 74 F. App'x 611, 614 (7th Cir. 2003) ("[Rule 35] does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself."); Green v. Branson, 108 F.3d 1296, 1304 (10th Cir.1997) (Rule 35 motion not properly used to obtain medical care or to complain of deliberate indifference to an inmate's medical needs); Woodruff v. Byars, No. 5:12-344-RMG-KDW, 2012 WL 1977911, at *1 (D.S.C. June 1, 2012) (denying plaintiff's motions seeking outside medical assistance). Thus, plaintiff's motion is DENIED.

D.  Motion to Appoint an Expert Witness

Plaintiff requests that the court appoint an expert witness in this action pursuant to Federal Rule of Evidence 706. Federal Rule of Civil Procedure 706(a) authorizes the district court to appoint an expert witness. Generally, "Rule 706 contemplates the appointment of an expert to aid the court," and not for the purposes of enabling a particular litigant to prove his case. See Phillip v. GEO Group, Inc., No. 5:09-CT-3115-FL, 2012 WL 5392120, at *9 (E.D.N.C. Nov. 5, 2012), aff'd, 520 F. App'x 215 (4th Cir. May 2, 2013); Hannah v. United States, 523 F.3d 597, 600–01 (5th Cir.2008).[1] The district court has the discretion to determine whether the appointment of an expert

---

[1] The court notes that there is no case law or statute providing for the payment of expenses such as expert witness fees on behalf of an indigent litigant in a civil suit for damages. See Bradshaw v. Lappin, No. 11–1109, 2012 WL 2045762, at *5 (10th Cir. June 7, 2012) (citing Malik v. Lavelley, 994 F.2d 90, 90 (2d Cir.1993)); Reyna v. Weber, No. Civ. 11–4044, 2012 WL 2999768, at *2 (D.S.D. June 12, 2012) ("The plain language of section 1915 does not provide for

6

pursuant to Rule 706(a) is appropriate. See Phillip, 2012 WL 5392120, at *9; Patel v. United States, 399 F. App'x 355, at *3 (10th Cir. Oct. 19, 2010) (citation omitted); United States Marshals Serv. v. Means, 741 F.2d 1053, 1059 (8th Cir.1984) (finding that the "discretionary" authority to appoint an expert in a case pursuant to Rule 706 "is to be exercised only under compelling circumstances.")

In this case, the court does not require the aid of an expert. Further, plaintiff does not dispute the existing medical diagnosis from the University of North Carolina School of Dentistry. Based upon the foregoing, the court determines that it is not appropriate to appoint an expert pursuant to Rule 706(a).

## CONCLUSION

For the foregoing reasons, the court rules as follows:

(1) Plaintiff's motions to compel (DE 133, 163) are GRANTED and defendants are DIRECTED to provide plaintiff with the requested discovery materials set forth above by July 7, 2014. Defendants also are DIRECTED to provide NCPLS a copy of plaintiff's discovery materials by July 7, 2014, unless plaintiff files a written objection with this court by June 30, 2014;

(2) Plaintiff's motion to amend (DE 153) is GRANTED, and NCPLS is appointed for the limited purpose of assisting plaintiff with filing an amended complaint. The amended complaint is due by July 28, 2014;

(3) Because the court has granted plaintiff the opportunity to amend his complaint, the pending motion to dismiss (DE 148) filed by defendants Faye and Hull is DENIED as MOOT;

---

the appointment of expert witnesses to aid an indigent litigant.")

Case 5:10-ct-03223-FL   Document 164   Filed 06/23/14   Page 7 of 8

(4) Plaintiff's motion for a physical and mental examination (DE 145) is DENIED;

(5) Plaintiff's motion to appoint an expert witness (DE 162) is DENIED;

(6) The court's case management schedule is AMENDED to reflect a dispositive motion deadline of September 1, 2014.

SO ORDERED, this the 23rd day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge